

January 31, 2024

This request is GRANTED.  Fact discovery is extended to
March 11, 2024.  SO ORDERED.

*Jennifer E. Willis*

Jennifer E. Willis
United States Magistrate Judge
February 15, 2024

***Via ECF***
Hon. Jennifer E. Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, New York 10007

Re:    **Toro v. Soccer Wearhouse, Inc.**
       **Case No. 23-cv-1717 (PAE) (JW)**

Dear Judge Willis:

This firm represents Defendant Soccer Wearhouse, Inc. ("Defendant") in the above-referenced action.  I write pursuant to Rule II.A. of Your Honor's Individual Practices and Local Rule 37.2 to request a conference to resolve certain outstanding discovery issues.

On October 27, 2023, Defendant served its First Request for the Production of Documents (the "Request").[1]  Plaintiff was therefore required to serve responses and documents responsive to the Request on or before November 27, 2023.  When I did not receive responses, I demanded responses by email on a number of occasions.  On January 15, 2024, Plaintiff's counsel contacted me by telephone to meet and confer regarding Plaintiff's failure to respond to the Request, and requested that I consent to an extension to January 22, 2024 for Plaintiff's responses.  I agreed to the extension.  To date, however, I have not received any response to the Request, nor has Plaintiff produced any responsive documents thereto.[2]

The documents sought in the Request is necessary to defend this action, and Plaintiff should be ordered to produce same.  Further, given Plaintiff's failure to respond to the Request, Defendant respectfully requests that the time for fact discovery be extended a period of forty-five (45) days (from the January 25, 2024 fact discovery cut-off date) so that Defendant may obtain the documents sought in the Request and conduct a deposition of Plaintiff.

Respectfully submitted,

*/s/ Christopher P. Milazzo*

Christopher P. Milazzo

cc:    Mars Khaimov, Esq.

---

[1] A copy of the Request is annexed hereto as Exhibit A.
[2] A copy of the January 15, 2024 confirming the conversation (with settlement communications redacted) is annexed hereto as Exhibit B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :        Case No. 1:23-cv-01717 (PAE)(JW)
ANDREW TORO, on behalf of himself an all                     :
Others similarly situated,                                   :
                                                             :
                                 Plaintiffs,                 :
                                                             :        **DEFENDANT'S FIRST**
             -against-                                       :        **REQUEST FOR THE**
                                                             :        **PRODUCTION OF**
SOCCER WAREHOUSE, INC.,                                      :        **DOCUMENTS**
                                                             :
                                 Defendant                   :
                                                             :
-------------------------------------------------------------x

Pursuant to Fed. R. Civ. P. 34, Defendant Soccer Warehouse, Inc. ("Defendant" or

"SWI"), by and through its attorneys Sichenzia Ross Ference Carmel LLP, hereby requests that

Plaintiff Andrew Toro ("Plaintiff") produce for inspection and copying the documents specified

herein within in its possession, custody or control at the offices of Sichenzia Ross Ference

Carmel LLP, located at 1185 Avenue of the Americas, 31st Floor, New York, New York 10018,

within thirty (30) days of service of this Request.

## DEFINITIONS AND RULES OF CONSTRUCTION

1. <u>Communication</u>.  The term "communication" means the transmittal of information (in

the form of facts, ideas, inquiries or otherwise).

2. <u>Document</u>.  The term "document" is defined to be synonymous in meaning and equal

in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without

limitation, electronic or computerized data compilations.  A draft of non-identical copy is a

separate document within the meaning of this term.

3. <u>Parties</u>.  The term "plaintiff" and "defendant" as well as a party's full or abbreviated

name or a pronoun referring to a party mean the party, and where applicable, its officers,

- 1 -

directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not

intended to impose a discovery obligation on any party who is not a party to the litigation.

4.  <u>Person</u>.  The term "person" is defined as any natural person or any business, legal or

governmental entity or association.

5.  <u>Concerning</u>.  The term "concerning" means relating to, referring to, describing,

evidencing or constituting.

6.  <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

7.  <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

8.  <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

9.  <u>"Plaintiff"</u>.  The term "Plaintiff" shall mean Plaintiff Andrew Toro, including any of

his agents or anyone else acting under Plaintiff's direction or control.

10. <u>"Defendant" or "SWI"</u>.  The term "Defendant" or "SWI" shall mean Defendant

Soccer Warehouse, Inc., including any of its parent and subsidiary companies, affiliates, officers,

directors, agents, employees, and anyone else acting under Defendant's direction or control.

11. <u>Website</u>.  The term "Website" shall mean website at the UR: address,

https://soccerwarehouse.com.

12. <u>Complaint</u>.  The term "Complaint" refers to the Amended Complaint filed in this

action by Plaintiff on May 11, 2023.

13. <u>Answer</u>.  The term "Answer" refers to the Answer filed in this Action by Defendant

on May 25, 2023.

14. Relevant Period.  The term "Relevant Period shall mean January 1, 2023 to the present.

**INSTRUCTIONS**

1.      With respect to each of the following requests for production, Plaintiff is requested to produce all documents that are known to it that can be located or discovered by it through diligent effort on the part of Plaintiff, his attorneys, agents or representatives.  Plaintiff is requested to categorize each document so as to conform to each numbered request.

2.      All documents shall be produced as they are kept in the ordinary course of business and shall be identified by the title of the file, the individual owner or custodian, and the location of the file in which the documents were located.  The originals of all documents produced in copy form shall be available for inspection.  When producing the documents, designate the specific paragraph or paragraphs of this request in response to which each document is produced.

3.      If an objection is taken to any of the following Requests, or if a Request is otherwise not answered in full, state the specific grounds for the lack of completeness and respond to the Request to the full extent to which there is no objection.

4.      In the event that a particular document called for by this Request is withheld on the basis of any claim of privilege or any similar claim, as to each document provide the following so as to allow a ruling to be had thereon:  (a) the date of the document, communication or item of information; (b) the author(s) and addressee(s) of such document, communication or item of information; (c) the nature of the document, communication, or item of information (e.g., letter, memorandum, tape recording); (d) the subject matter of the document, communication, or item of information; (e) the nature of the privilege or immunity claimed; and (f) when not

- 3 -

apparent, the relationship of the author(s) and addressee(s) to each other.

5.      If any document requested herein or fairly comprised within the scope of the following request has been lost or destroyed, Plaintiff is required to provide, in lieu of a true and correct copy thereof, a list of each document so lost or destroyed together with the following information: (a) the date and origin of such document; (b) a brief description of such document; (c) the author of the document, the addressee, and the recipient of any indicated or blind copies; (d) the number of pages, attachment or appendices (e) all persons to whom distributed, shown or explained; (f) the date of loss, destruction or disposal; (g) person authorizing destruction or disposal; and (h) the person destroying or disposing of the document.

6.      In the event that any such document has been, but is no longer, in Plaintiff's possession, custody or control, Plaintiff shall identify the person or persons to whom it was transferred and its present custodian(s).  A document is deemed to be in Plaintiff's control if he has the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

7.      This Request shall be deemed continuing so as to promptly require further and supplemental production if you receive, discover or create additional responsive documents which fall within the scope of the following requests at any time prior to the conclusion of this litigation.

8.      Unless otherwise set forth herein, this Request seeks documents for the time period of January 1, 2023 to the present.

### Documents Produced

1.      Documents sufficient to demonstrate that Plaintiff is a "visually impaired and legally blind person" as alleged in paragraph 2 of the Complaint.

2.      All documents concerning, evidencing or reflecting any and all screen-reading software utilized by Plaintiff during the Relevant Period.

3.      All documents concerning, evidencing or reflecting each and every time Plaintiff visited the Website.

4.      All documents concerning or reflecting communications between Plaintiff and any third-party (other than legal counsel) regarding Website.

5.      All documents concerning or reflecting communications between Plaintiff and Defendant.

6.      All documents concerning or reflecting any purchases that Plaintiff made on or through the Website for the time period of January 1, 2021 to the present.

7.      All documents concerning Plaintiff's alleged attempts to purchase goods on the Website referenced in paragraph 36 of the Complaint.

8.      All documents concerning, evidencing or reflecting the "accessibility issues" that Plaintiff allegedly encountered on the Website as alleged in paragraph 32 of the Complaint.

9.      All documents concerning or evidencing the allegation contained in paragraph 37 of the Complaint that "if Defendant were to fix the accessibility issues on the [W]ebsite, Plaintiff would immediately visit the [W]ebsite again to purchase a Lionel Messi national blue and white jersey, and other Lionel Messi apparel from [the Website]."

10.     All documents concerning, evidencing or supporting the allegation contained in paragraph 38 of the Complaint that "Plaintiff has actual knowledge of the fact that Defendant's website, Soccerwarehouse.com, contained access barriers causing the [W]ebsite to be inaccessible, and not independently usable by, blind and visually-impaired persons."

11.     All documents concerning, reflecting or evidencing that Defendant engaged "acts of intentional discrimination" as alleged in paragraph 40 of the Complaint.

12.     All documents concerning, and/or the results, of any and all tests performed by Plaintiff, or any third-party employed by or on behalf of Plaintiff, with respect to the Website.

13.     Documents sufficient to evidence the manufacturer, model number, and date purchased of any and all computers utilized by Plaintiff during the Relevant Period.

14.     Documents sufficient to evidence each and every internet service provider used by Plaintiff during the Relevant Period.

15.     Documents sufficient to evidence the screen reader software used by Plaintiff during the Relevant Period.

16.     All documents supporting the First Cause of Action contained in the Complaint.

17.     All documents supporting and/or evidencing any and all damages sought by Plaintiff on the First Cause of Action.

18.     All documents supporting the Second Cause of Action contained in the Complaint.

19.     All documents supporting and/or evidencing any and all damages sought by Plaintiff on the Second Cause of Action.

20.     All documents supporting the Third Cause of Action contained in the Complaint.

21.     All documents supporting and/or evidencing any and all damages sought by Plaintiff on the Third Cause of Action.

22.     All documents supporting the Fourth Cause of Action contained in the Complaint.

23.     All documents supporting and/or evidencing any and all damages sought by

Plaintiff on the Fourth Cause of Action.

Dated: New York, New York
        October 27, 2023

                                    SICHENZIA ROSS FERENCE CARMEL LLP


                                    By: */s/ Christopher P. Milazzo*
                                            Christopher P. Milazzo
                                    1185 Avenue of the Americas, 31st Floor
                                    New York, New York 10036
                                    (212) 930-9700 (tel.)
                                    (212) 930-9725 (fax)
                                    cmilazzo@srfc.law

                                    *Attorneys for Defendant*

| | |
|---|---|
| **From:** | Mars Khaimov |
| **To:** | Christopher Milazzo |
| **Subject:** | Re: Toro v. Soccer Wearhouse |
| **Date:** | Monday, January 15, 2024 10:54:41 PM |
| **Attachments:** | image001.png |

Christopher, thanks for taking the call today.

As per our call, you have graciously agreed to accept Plaintiff's discovery responses by January 22, 2024.



**\*PLEASE NOTE OUR NEW ADDRESS\***
--
**MARS KHAIMOV, ESQ.**
**PRINCIPAL ATTORNEY**
**MARS KHAIMOV LAW, PLLC**
**100 Duffy Avenue, Suite 510**
**Hicksville, New York 11801**
**Email: mars@khaimovlaw.com**
**Tel.: 929.324.0717 (direct)**
**Fax: 929.333.7774**

**Notice:** This transmission (including any attachments) contains information from Mars Khaimov Law, PLLC. It is intended only for the person or entity to which it is addressed and may contain information that is confidential and/or subject to the attorney-client privilege or the work product privilege, or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information contained within it by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 929-324-0717 and permanently delete the original message and all copies.


On Mon, Jan 15, 2024 at 5:33 PM Christopher Milazzo <CMilazzo@srfc.law> wrote:

> Mars:
>
>
> I have tried to reach you a few times concerning plaintiff's discovery responses. To date, we have not received any responses or responsive documents. If I do not hear from you tomorrow, I will seek relief from the court.
>
>
> **Christopher P. Milazzo, Esq.**

**Partner**

Sichenzia Ross Ference Carmel LLP

1185 Avenue of the Americas, 31st floor

New York, NY 10036

T: (212) 930-9700 ext. 646 | D: 646-838-1311 | F (212) 930-9725

cmilazzo@srfc.law | www.srfc.law



NOTICE:  The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.